J-A19042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MJ TEST PREP, LLC AND MATTHEW W. JOSEPH, PH.D., | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID LYNCH AND VELTIO, LLC | : | |
| | : | No. 3531 EDA 2019 |
| Appellants | : | |

Appeal from the Order Entered November 27, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. CV-2019-004426

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:     Filed: January 21, 2021

I agree with the Majority that we should affirm the trial court's order granting the preliminary injunction. I write separately to clarify my position.

I would affirm because of the "highly deferential standard" of review we apply to orders granting preliminary injunctions. ***Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.***, 828 A.2d 995, 1000 (Pa. 2003). Our review of a preliminary injunction "is limited to a determination of whether an examination of the record reveals that 'any apparently reasonable grounds' support the court's disposition." ***Id.*** The Pennsylvania Supreme Court explained that we reverse only if there are no "apparently reasonable grounds" for the preliminary injunction, or "the rule of law relied upon was palpably erroneous or misapplied":

> [W]e recognize that on an appeal from the grant or denial
> of a preliminary injunction, we do not inquire into the merits

of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].

*Id.* (quoting ***Roberts v. Board of Dirs. of Sch. Dist.***, 462 Pa. 464, 341 A.2d 475, 478 (1975)).

Here, Joseph in effect asked the trial court to pierce the corporate veil between himself and MJ Test Prep, and the trial court essentially did as he asked, albeit not explicitly. Applying the "highly deferential standard" of review, I do not believe the court's doing so for purposes of a preliminary injunction was reversible error. If a business owner seeks a preliminary injunction that in effect requires a court to pierce the veil, it is difficult to say that the court was wrong to do so. After all, the owner is presumably aware of the nature of the owner's relationship with the business and willing to take on the ramifications of piercing the veil.

Perhaps more to the point, a court grants a preliminary injunction merely to preserve the *status quo ante* and to protect the court's ability to grant the ultimate relief sought. It is not a final determination of the case on the merits. Because I believe there were "apparently reasonable grounds" for the preliminary injunction, and "the rule of law relied upon" was not "palpably erroneous or misapplied," I respectfully concur.

President Judge Panella joins the concurring memorandum.